## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

PAUL SCINTO, SR.          )
                               )
       Plaintiff,        )
                               )
       v.            )     Civil Action No. 08-0361 (PLF)
                               )
FEDERAL BUREAU OF       )
PRISONS, et al.          )
                               )
       Defendants      )
_____

### DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER TO THE EASTERN DISTRICT OF NORTH CAROLINA

Defendants the Federal Bureau of Prisons, Harley Lappin, Kim M. White, Patricia Stansberry, Susan G. McClintock, and R. Holt, by and through undersigned counsel, hereby move this Court to dismiss the Complaint or, in the alternative, to transfer the case to its proper venue. Defendants move for dismissal of all claims pursuant to 12(b)(1), 12(b)(2), 12(b)(3), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure, for lack of subject matter and personal jurisdiction, improper venue, and failure to state a claim upon which relief can be granted. Alternatively, Defendants ask the Court for an order transferring this case to the United States District Court for the Eastern District of North Carolina. In support of this Motion, the Court is referred to the accompanying Memorandum of Points and Authorities and proposed Order attached hereto.

Dated May 12, 2008.

Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR D.C. BAR # 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


_____/s/_____
CHRISTIAN A. NATIELLO D.C. BAR # 473960
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Room E4112
Washington, D.C.  20530
(202) 307-0338

2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
_____
PAUL SCINTO, SR.              )
                             )
          Plaintiff,         )
                             )
          v.                 )          Civil Action No. 08-0361 (PLF)
                             )
FEDERAL BUREAU OF            )
PRISONS, et al.             )
                             )
_____Defendants_____)
```

**POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'**
**MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO**
**TRANSFER TO THE EASTERN DISTRICT OF NORTH CAROLINA**

Plaintiff filed this civil action on February 28, 2008. In his Complaint, he brings several

claims against Defendants. Among the claims, Plaintiff alleges various tort claims and violations

of Plaintiff's constitutional rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments.

Complaint at ¶ 27. As a result of Defendants' alleged conduct, Plaintiff requests $50,000 for his

alleged wrongful confinement, $50,000 for his alleged three month extended stay, and

$5,000,000 for medical damages Plaintiff allegedly sustained while he was incarcerated at FTC

Butner in North Carolina.

This Court, however, should not hear this case for four reasons. First, the Court lacks

subject matter jurisdiction to adjudicate Plaintiff's claims because Plaintiff failed to exhaust his

administrative remedies. Second, this Court cannot exercise personal jurisdiction over several of

the named Defendants. Third, Plaintiff fails to state a claim against several of the named

Defendants who are sued in their official capacities. Fourth, and in the alternative, if the

Complaint were to survive Defendants' motion to dismiss, the District of Columbia is an

improper venue for all of the counts because the actions alleged in Plaintiff's Complaint

occurred solely and exclusively within the Eastern District of North Carolina. The matter therefore should be transferred to that judicial district.

## STATEMENT OF FACTS

Beginning in September of 2002, Plaintiff began serving a six year sentence for Maintaining a Place for the Purpose of Manufacturing, Distributing, or Using Phencyclidine (PCP). In July of 2007, Plaintiff was released to home confinement. Plaintiff was released from the custody of the Bureau of Prisons in August of 2007.

Plaintiff now makes the following claims, all based on what happened to him during his time in North Carolina:

(1)     While confined at the prison camp ("FPC") of the Federal Correctional Institution ("FCI ") in Butner, North Carolina, he was wrongly confined to the Special Housing Unit[1] ("SHU") in violation of his constitutional rights. Complaint, p. 2.

(2)     This confinement resulted in the delay of his early release from BOP custody. Complaint, p.2.

(3)     While in the SHU, BOP staff were deliberately indifferent to his diabetes by providing him with an inappropriate diet and refusing him adequate opportunities for exercise. Plaintiff also claims that the prison staff denied him access to a wheelchair. Complaint, p. 2.

(4)     the BOP staff failed to adequately treat his Hepatitis C condition. Plaintiff claims that the BOP staff gave him a choice of an opportunity for medical treatment or

---

[1]   The Special Housing Unit is a separate unit for inmates who are unable to function in a less restrictive environment without being a threat to others or to the orderly operation of the institution.

2

participation in a drug treatment program which gave him an opportunity for an early release from custody.  Complaint, p. 2.

(5)    the BOP staff forced him to participate in work duty despite his medical conditions.  Complaint, p. 3.

In addition to the BOP itself, Plaintiff names the following Defendants in this matter: BOP Director Harley Lappin; BOP Mid-Atlantic Regional Director Kim White; former FCI Butner Warden Patricia Stansberry[2]; former FCI Butner Camp Administrator Susan McClintock[3]; and FPC Butner Correctional Officer Richard Holt.  Mr. Lappin and Ms. White have been sued in their official capacities only, while the remaining named Defendants have been sued in both their official and individual capacities.

## ARGUMENT

### I.    Standard Of Review

The Federal Defendants move for dismissal of Plaintiff's Complaint pursuant to Federal Civil Rule 12(b)(1), 12(b)(2), 12(b)(3), 12(b)(5) and 12(b)(6) for lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, improper service and failure to state a claim upon which relief can be granted.

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows dismissal of a complaint if a plaintiff fails "to state a claim upon which relief may be granted."  Fed. R. Civ. P. 12(b)(6).  In Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss under Rule

---

[2]  Ms. Stansberry is now employed by the BOP as Warden of FCI Petersburg in Virginia.

[3]  Ms. McClintock is now employed by the BOP as an Associate Warden at FCI Safford in Arizona.

12(b)(6).  The Court noted that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'"  Id. at 1965 (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)); see also Erickson v. Pardus, 127 S. Ct. 2197 (2007).  Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 127 S. Ct. at 1964-65; see also Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986).  Moreover, "[t]o the extent direct allegations are missing, 'a complaint must contain...inferential allegations.'"  Aktieselskabet v. Fame Jeans, Inc., 2008 U.S. App. LEXIS 9627, at *19 (D.C. Cir. 2008) citing Twombly, 127 S. Ct. at 1969.

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint."  Erickson v. Pardus, 127 S. Ct. at 2200; see also Bell Atlantic Corp. v. Twombly, 127 S. Ct. at 1965; Summit Health, Ltd. v. Pinhas, 500 U.S. 322, 325, 111 S. Ct. 1842, 114 L. Ed. 2d 366 (1991).  The complaint "is construed liberally in the plaintiffs' favor, and [the Court should] grant plaintiffs the benefit of all inferences that can be derived from the facts alleged."  Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir.1994); see also Browning v. Clinton, 292 F.3d 235, 242 (D.C. Cir. 2002); Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000).  While the complaint is to be construed liberally in plaintiff's favor, the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint; nor must the Court accept plaintiff's legal conclusions.  See Kowal v. MCI Communications Corp.,

4

16 F.3d at 1276; Browning v. Clinton, 292 F.3d at 242.  In this case, Plaintiff fails to establish a right to relief on the substantive claims asserted even when the Complaint is liberally construed in Plaintiff's favor.

Plaintiff also fails to establish that this Court has both subject matter jurisdiction and personal jurisdiction over any of the Defendants.[4]  Plaintiff clearly bears the burden of establishing subject matter jurisdiction, see Miller v. United States, 710 F.2d 656, 662 (10th Cir.), cert. denied, 464 U.S. 939 (1983); Baird v. United States, 653 F.2d 437, 440 (10th Cir. 1981), cert. denied, 454 U.S. 1144 (1982), as well as the burden of establishing personal jurisdiction over the individually named Defendants.  See Dickson v. United States, 831 F. Supp. 893, 896-897 (D.D.C. 1993), aff'd 48 F.3d 562 (D.C. Cir. 1995).  Requests for dismissal for lack of jurisdiction over the subject matter pursuant to 12(b)(1) require a similar standard of review as those for failure to state a claim.  A court may resolve a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) in two ways.  First, the court may determine the motion based solely on the complaint.  Herbert v. National Academy of Science, 974 F.2d 192, 197 (D.C. Cir. 1992).  Alternatively, to determine the existence of jurisdiction, a court may look beyond the allegations of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the conflicting evidence.  See id.

Applying these standards demonstrates that Plaintiff's Complaint should be dismissed in

---

[4]      It is well-established that when a defendant challenges the substance of jurisdictional allegations, it may use extraneous evidence to test those allegations without converting the motion into one for summary judgment.  See Land v. Dollar, 330 U.S. 731, 735 n. 4 (1947); Herbert v. National Academy of Sciences, 974 F.2d 192, 197-98 (D.C. Cir. 1992); Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir. 1987); Bonterra America, Inc. v. Bestmann, 907 F. Supp. 4, 5 n.1 (D.D.C. 1995); Kuffel v. United States Bureau of Prisons, 882 F. Supp. 1116, 1120 (D.D.C. 1995); see also 11 Moore's Federal Practice, § 56.30[6] (Matthew Bender 3d ed.).

its entirety.

## II.     Plaintiff's Case Against All Defendants Should Be Dismissed Because Plaintiff Failed To Exhaust His Administrative Remedies

Plaintiff failed to complete the exhaustion of administrative remedies with regard to his claims.  In fact, Plaintiff failed to submit an administrative claim for any of the alleged events in this litigation.  Under the Prison Litigation Reform Act, a prisoner must exhaust "such administrative remedies as are available" before bringing a civil action in federal court.  42 U.S.C. §1997e(a).  Jackson v. District of Columbia, 254 F.3d 262 (D.C. Cir. 2001).  In Booth v. Churner, 121 S.Ct. 1819 (2001), a unanimous Supreme Court held that Congress mandated completion of any prison administrative remedy process that is capable of addressing the inmate's complaint and providing some form of relief, "regardless of the relief offered through administrative procedures."  Id. at 1825.  The remedy system at issue in Booth was nearly identical to the three-level system used in the federal prison system in this case.

> "The Pennsylvania Department of Corrections provided an administrative grievance system at the time.  It called for a written charge within 15 days of an event prompting an inmate's complaint, which was referred to a grievance officer for investigation and resolution.  If any action taken or recommended was unsatisfactory to the inmate, he could appeal to an intermediate reviewing authority, with the possibility of a further and final appeal to a central review committee.  While the grievance system addressed complaints of the abuse and excessive force Booth alleged, it had no provision for recovery of money damages.  Before resorting to federal court, Booth filed an administrative grievance charging at least some of the acts of abuse he later alleged in his action.  He did not, however, go beyond the first step, and never sought intermediate or final administrative review after the prison authority denied relief."

Booth, 121 S.Ct. at 1821-1822.  The Supreme Court affirmed dismissal of the case for failure to complete exhaustion of the inmate's administrative remedies.  The Court also closed the door on futility arguments made by inmates, stating, "we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise."  Id. at 1825.

6

Exhaustion of *all stages* of the administrative remedy system is therefore mandatory before a federal action may be commenced by a prisoner.

The Bureau of Prisons' administrative remedy procedure is set out at 28 C.F.R. §542.10 *et seq.*, and provides for formal review of any complaint which relates to any aspect of the inmate's confinement. 28 C.F.R. §542.10 *et seq.* Under this process, inmates are encouraged to first attempt resolution of their complaints informally by discussing the matter with a member of their Unit Team. A record of that attempt then is signed by the inmate and a member of the Unit Team. If informal resolution is insufficient to resolve the matter, the inmate may file a formal complaint with the Warden within twenty days of the date on which the basis of the complaint occurred. 28 C.F.R. §542.14. If the inmate is not satisfied with the Warden's response, he or she may appeal the response to the Regional Director. If the inmate is dissatisfied with the regional response, he or she may file a national appeal with the Office of General Counsel in Washington, D.C. 28 C.F.R. §542.15. Appeal to the Office of General Counsel is the final administrative appeal in the BOP exhaustion process.

In this case, Plaintiff did not file an administrative remedy in this matter regarding *any* of the issues raised in this complaint while he was incarcerated at FCP Butner.[5] See Declaration of James R. Schluter, attached as Exhibit A. Because Plaintiff did not pursue his complaints through all three levels of the BOP's administrative remedy procedures, the issues raised in the complaint are not justiciable by the Court and the complaint should be dismissed with prejudice as to *all* Defendants.

---

[5]     The requirement of having to exhaust his administrative remedies applies despite Plaintiff's subsequent release from prison. In addition to current inmates, the administrative remedy procedures applies to "former inmates for issues that arose during their confinement." 28 C.F.R. 542.10(b).

### III.   The Court Has No Personal Jurisdiction Over Certain Defendants As Required By Rule 12 (b)(2) Of The Federal Rules Of Civil Procedure

Dismissal of this case is also proper because this Court does not have personal jurisdiction over several of the Defendants.[6]  Plaintiff names the former FCI Butner Warden Patricia Stansberry, former FCI Butner Camp Administrator Susan McClintock, and FPC Butner Correctional Officer Richard Holt in their individual capacities and BOP Mid-Atlantic Regional Director Kim White (collectively "the foreign Defendants") and BOP Director Harley Lappin in

---

[6]      As a threshold matter, Defendant Susan G. McClintock should be dismissed from this case for improper service because she has not been served in either her personal or official capacity.  It is well-established that, in an action against a federal employee in his or her individual capacity, the individually-sued defendant must also be served with process in accordance with Rule 4(e) of the Federal Rules of Civil Procedure.  Plaintiff has not demonstrated proper service upon Ms. McClintock and undersigned counsel was informed by BOP that Ms. McClintock did not receive a copy of the Complaint or summons from Plaintiff, though she was informed of the suit by the BOP.  Actual notice will not, of course, substitute for technically proper service under Rule 4 and will not permit the District Court to render a personal judgment against an individually-named defendant.  Sieg v. Karnes, 693 F.2d 803 (8th Cir. 1982); see also Stafford v. Briggs, 444 U.S. 527 (1980).  With defective service of process as to Ms. McClintock in her individual capacity, this action cannot proceed against her personally.  Accordingly, any Bivens or other individual capacity claims against Ms. McClintock should be dismissed.  See Micklaus v. Carlson, 632 F.2d 227, 240 (3rd Cir. 1980); Griffith v. Nixon, 518 F.2d 1195, 1196 (2d Cir. 1985), cert. denied, 423 U.S. 995 (1975).

Moreover, Plaintiff has failed to serve Defendants Stansberry and Holt in their individual capacities.  Plaintiff sent an email to the BOP asking for the addresses of Defendants Stansberry, McClintock, and Holt so that he could serve them.  He did not specify in what capacity he was suing the Defendants.  The BOP responded to Plaintiff's email and sent him the three Defendants' business addresses.  Because Plaintiff is suing these Defendants in their individual capacities as well as in their official capacities, in order to properly serve them in their individual capacities, he needed to, at the very least, mail them at their homes.  Fed. R. Civ. P. 4(i)(3).  Under some circumstances, additional opportunities may be available to a plaintiff to effect proper service on a defendant in a civil action.  See Moore v. Agency for International Development, 994 F.2d 874 (D.C. Cir. 1993).  However, in light of the several other reasons calling for dismissal of Plaintiff's claims, no purpose would be served by the calling for additional efforts to effect proper service in this action.  Indeed, if the Court were to conclude that Plaintiff's Complaint is not subject to dismissal on the several other grounds set forth in this memorandum, Defendants Stansberry, McClintock, and Holt request an opportunity to determine whether they would be willing to waive any defense based upon Fed. R. Civ. P. 12(b)(4).

their official capacities only.[7]  Plaintiff bears the burden of establishing that personal jurisdiction

may be exercised over the foreign Defendants.  See Naartex Consulting Corp. v. Watt, 542 F.

Supp. 1196 (1982).  As explained by this Court in Edmond v. U.S. Postal Service, 727 F.Supp. 7,

10 (D.D.C. 1989) rev'd on other grounds, 293 U.S. App. 298 (2002): "A plaintiff in district court

must plead essential jurisdictional facts and must carry throughout the litigation the burden of

showing that he is properly in court."  Moreover, "[i]f his allegations of jurisdictional facts are

challenged by his adversary in any appropriate manner, he must support them by competent

proof.  And where they are not so challenged the court may still insist that the jurisdictional facts

be established or the case be dismissed, and for that purpose the court may demand that the party

alleging jurisdiction justify his allegations by a preponderance of evidence." McNutt v. General

Motors Acceptance Corp., 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936).  As will

be discussed below, Plaintiff cannot meet the burden to establish the facts necessary to give this

Court personal jurisdiction over the foreign Defendants.

> 1.     The Court Has No "Long-Arm" Jurisdiction Over Defendants Who
>        Are Not Located Within The District

Plaintiff cannot show that this Court has personal jurisdiction over the foreign

Defendants Patricia Stansberry, Susan McClintock, Richard Holt, or Kim White.  In personam

jurisdiction may be maintained by the United States District Court for the District of Columbia

only if permitted by the "long arm"statute of the District of Columbia.  Crane v. Carr, 814 F. 2d

---

[7]     Defendant admits that jurisdiction over the Bureau of Prisons and Mr. Lappin in his official capacity likely would be appropriate in this case.  That said, Mr. Lappin should be dismissed as a Defendant in this case because he is immune from suit in his official capacity and Plaintiff's claims cannot stand against him based on a *respondeat superior* theory.  See Section IV, below.  Similarly, any claim against the Bureau of Prisons is defective for the reasons described in Sections II and IV herein.

9

758, 762 (D.C. Cir. 1987).  That statute is found at D.C. Code §13-423 (2000), and states in

relevant part:

> (a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's-
>
>> (1) transacting any business in the District of Columbia;
>> (2) contracting to supply services in the District of Columbia;
>> (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;
>> (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia;
>> (5) having an interest in, using, or possessing real property in the District of Columbia;
>> (6) contracting to insure or act as surety ...; or
>> (7) marital or parent and child relationship ...
>
> (b) When jurisdiction over a person is based solely upon this section, only a claim for relief arising from acts enumerated in this section may be asserted against him.

The injuries about which Plaintiff complains occurred exclusively in North Carolina.  He

does not allege that anything occurred outside of North Carolina.  Therefore, as to the foreign

Defendants, this Court lacks personal jurisdiction over them for activities taking place outside

the District.  The foreign Defendants have not transacted business in the District of Columbia,

contracted to supply services in the District of Columbia, and have not caused any tortious injury

in the District of Columbia.  In personam jurisdiction cannot be predicated on the provisions of

the sections (a)(3) and (4) of the "long arm" statute because the Plaintiff does not and cannot

claim that the federal employees at the federal prisons where he was housed outside the District

caused him tortious injury within the District of Columbia.  Nor can he assert that the federal

employees located in the Southeast Regional Office caused him injury in the District of

Columbia.  Meyer v. Federal Bureau of Prisons, 940 F.Supp. 9 (D.D.C. 1996) (No personal

jurisdiction over Bureau of Prisons case manager working in Rochester, Minnesota, sued in D.C. in individual capacity by inmate based upon claimed inaccuracy of prison records).

Plaintiff alleges no *act* or *injury* alleged to have taken place within the District of Columbia by any of these Defendants.  Any injury to Plaintiff necessarily took place outside the District of Columbia, since he was never housed here and all allegations in this action pertain to his incarceration in North Carolina.  D.C. Code § 12-423(a)(5)-(7) are likewise neither alleged nor relevant to this case.

### 2.    The Foreign Defendants Lack Minimum Contacts To The District Of Columbia

In order for the District Court for the District of Columbia to have personal jurisdiction over a defendant, there also must be established minimum contacts and the exercise of jurisdiction must comport with "traditional notions of fair play and substantial justice." Asahi Metal Indus. Co. v. Superior Court of Cal., 480 U.S. 102 (1987);  Wiggins v. Equifax Inc., 853 F.Supp. 500 (D.D.C. 1994).   "Plaintiff's claim for relief must arise from the defendants' contacts with the District of Columbia and his 'claims must bear some relation to the acts in the District that are relied upon to confer personal jurisdiction.'" [D.C. Code] § 13-423(b);  Bayles v. K-Mart Corp., 636 F.Supp. 852, 854 (D.D.C.1986).

Again, the burden is on Plaintiff to establish that this Court can exercise personal jurisdiction over the foreign Defendants.  See Blumenthal v. Drudge, 992 F.Supp. 44, 53 (D.D.C. 1998).  Plaintiff in this case failed to allege such facts, and the allegations against these Defendants do not establish "minimum contacts" necessary to confer personal jurisdiction upon the District Court for the District of Columbia.  The mere fact that the foreign Defendants are employees of the BOP, and that the Central Office of the agency happens to be in Washington,

D.C., is insufficient to establish the requisite "minimum contacts" with the District of Columbia. Cameron v. Thornburgh, 983 F.2d 235, 256 (D.C. Cir. 1993); Zakiya v. U.S., 2003 WL 21403767 (D.D.C.); Reuber v. U.S., et al., 750 F.2d 1039 (D.C. Cir.1984); James v. Reno, et al., 1999 WL 615084 (D.C. Cir. 1999) (inmate's security classification and transfer request made in Texas; both federal prisons at issue located in Texas; no injury suffered in the District of Columbia; mere fact that [defendants] are employees of the Bureau of Prisons based in D.C. insufficient to establish requisite "minimum contacts" with District); Meyer v. Reno, 911 F.Supp. 11, 14 (D.D.C. 1996) (Bureau of Prisons employee who works at FCI Memphis, Tennessee and three Florida State Attorneys not alleged to conduct any business or make any contracts for services and no injury alleged to have been suffered in the District of Columbia, so court cannot exercise jurisdiction over them).  Plaintiff cannot show that the foreign Defendants have the requisite minimum contacts with the District of Columbia.

Additionally, subjecting the foreign Defendants to this Court's jurisdiction raises Due Process Clause considerations.  Absent the requisite minimum contacts, such an exercise of personal jurisdiction would offend "traditional notions of fair play and substantial justice." International Shoe v. Washington, 326 U.S. 310, 316 (1945); Meyer v. Federal Bureau of Prisons, 940 F. Supp. 9, 12 (D.D.C. 1996).  In short, there is no basis for this Court to exercise personal jurisdiction over the foreign Defendants consistent with the District of Columbia's long-arm statute or in satisfaction of constitutionally mandated due process.  Therefore, Rule 12(b)(2) compels dismissal of  Plaintiff's claims against the foreign Defendants.

**IV.    Plaintiff Fails To State A Claim Against The Bureau Of Prisons And The Named Defendants**

**1.    Plaintiff Cannot Sue The Bureau Of Prisons And The Named Defendants In Their Official Capacities Absent A Waiver Of Sovereign Immunity**

Plaintiff sues the named Defendants in their official capacities based solely on their status as government officials.[8]  To the extent that a plaintiff seeks damages against individual defendants in their official capacities, his claims must be dismissed absent a waiver of sovereign immunity.  Meyer v. Reno,  911 F. Supp.11 (D.D.C. 1996); Marshall v. Reno,  915 F.Supp. 426 (D.D.C. 1996); Deutsch v. U.S. Dept. of Justice, 881 F.Supp. 49, 55 (D.D.C. 1995).  The inherent sovereign immunity of the United States protects it and its agencies, such as the BOP and its agents, from suit absent express waiver.  See FDIC v. Meyer, 510 U.S. 471 (1994); United States v. Nordic Village, 503 U.S. 30 (1992).  Sovereign immunity also bars suits for money damages against officials in their official capacities for nondiscretionary acts absent a specific waiver by the government.  Clark v. Library of Congress, 750 F.2d 89, 101-02 (D.C. Cir. 1984).  Plaintiff's Complaint does not contain any colorable basis for such a waiver, nor is there one in fact.  Therefore, to the extent Plaintiff asserts claims for damages against the BOP

---

[8]    The Federal Defendants named in their individual capacities also are entitled to qualified immunity from damages based on Plaintiff's constitutional claims.  See Forrester v. White, 484 U.S. 219, 230 (1988).  In Harlow v. Fitzgerald, 457 U.S. 800 (1982), the Supreme Court confirmed that government officials are shielded from liability for civil damages for constitutional violations insofar as their conduct does not violate clearly established constitutional rights of which a reasonable person would have known.  Id. at 818.  Moreover, under Harlow this determination requires an objective, not subjective, analysis.  Davis v. Scherer, 468 U.S. 183, 191 (1984);  Krohn  v. United States, 742 F.2d 24 (1st Cir. 1984); McSurley v. McClellan, 697 F.2d 309, 316 (D.C. Cir. 1982).  Plaintiff does not allege that named Defendants Lappin, White, Stansberry, had any personal interactions or decisions that affected Plaintiff.  These Defendants then, objectively did not violate Plaintiff's clearly established constitutional rights.

and the named Defendants in their official capacities, such claims must be dismissed for lack of subject matter jurisdiction.

> **2.    Plaintiff Cannot Sue Defendants Lappin, White, or Stansberry For Alleged Constitutional Torts On A *Respondeat Superior* Theory**

In his Complaint, Plaintiff does not allege that he had any personal contact with Defendants Lappin, White, or Stansberry. While he claims that he is suing former Warden Stansberry in her individual capacity, he alleges nothing that links her to this case. It therefore appears that Plaintiff is suing Ms. Stansberry solely upon her supervisory role as Warden of the institution. He is also suing Defendants Lappin and White in their supervisory roles as BOP executives. Such allegations will not stand and should be dismissed. See Cameron v. Thornburg, 983 F.2d 253, 258 (D.C. Cir. 1993) (held that claims against defendants were "based upon the bare assumption that policy decisions made in Washington might have affected [Plaintiff's] treatment....  In the absence of any allegations specifying involvement of [the defendant] in this case, the claims against them are based upon nothing more than a theory of *respondeat superior*, which of course cannot be used in a Bivens action").

The Supreme Court has specifically rejected attempts, like the Plaintiff's here, to impose *respondeat superior* liability upon supervisory personnel who were not in direct contact with the plaintiff. In Correctional Services Corp. v. Malesko, 534 U.S. 61 (2001), the Supreme Court stated that a federal prisoner, who alleges a constitutional deprivation, may bring a Bivens claim against the offending individual officer, subject to the defense of qualified immunity, but may not bring a Bivens action against the officer's employer, the United States, or the BOP.[9]

---

[9]    The individually sued defendants expressly preserve their right to assert a qualified immunity defense pursuant to Fed. R. Civ. P. 12(h)(2)(B) in the event any claims against them are permitted to proceed on the merits.

14

Correctional Services, 534 U.S. at 72.  See also Hawk v. Reno, 915 F. Supp. 426, 429-430

(D.D.C. 1996) ("Absent any allegations that [the supervisory officials] personally participated in

the events which gave rise to the plaintiff's claims, or any corroborative allegations to support

the inference that these defendants had notice of or acquiesced in the improper [conduct] against

the plaintiff by their subordinates, dismissal is appropriate") *citing* Haynesworth v. Miller, 820

F.2d 1245, 1259 (D.C.Cir.1987) (fellow government employees cannot be held liable under the

theory of *respondeat superior* for either constitutional or common law torts);  Smith-Bey v.

District of Columbia, 546 F.Supp. 813, 814 (D.D.C.1982) (same).  Here, Plaintiff alleges no

direct involvement by the former Warden Stansberry or Defendants Lappin and White.  Indeed,

Plaintiff cites no facts in which these Defendants personally participated in the acts giving rise to

Plaintiff's Complaint.  Accordingly, Plaintiff's Complaint against these three Defendants,

Lappin, White, and Stansberry, should be dismissed.

**V.      Venue Is Proper In The Eastern District Of North Carolina**

Plaintiff cites 28 U.S.C. § 1391(e) as a reason why this Court has venue.  That section

includes the  provision covering lawsuits against the United States and official capacity claims

against federal employees.  It states that venue is proper in one of these three forums: 1) where a

defendant in the action resides; 2) where a substantial part of the events or omissions giving rise

to the claim occurred; or a substantial part of property that is the subject of the action is situated;

or 3) where the plaintiff resides if no real property is involved in the action.  28 U.S.C. § 1391

(e).  Moreover, Title 28 U.S.C. §1404(a), provides:

> For the convenience of parties and witnesses, in the interest of justice, a district
> court may transfer any civil action to any other district or division where it may
> have been brought.

According to that section, a district court may transfer any civil action to any other district or

division where it may have been brought.  <u>See</u> 28 U.S.C. § 1404(a).

A threshold question is whether the case could have been brought in the district to which transfer is sought.  <u>See</u> <u>Stewart Organization v. Ricoh Corp.</u>, 487 U.S. 22, 29 (1988) (<u>citing</u> <u>Van Dusen v. Barrack</u>, 376 U.S. 612, 613 (1964)).  The Court then must engage in a case by case analysis and balance the private interests of the parties with public interests such as efficiency and fairness.  <u>Id.</u> at 29; <u>Abusadeh</u>, 2007 WL 2111036, at *3.  Transferring the case to the Eastern District of North Carolina serves both the private and the public interests.

1.  The private interests weigh in favor of transferring

The factors courts consider when assessing private interests include: the plaintiff's choice of forum, the defendant's choice of forum, whether the claim arose elsewhere, convenience of the parties, convenience of the witnesses, and ease of access to sources of proof.  <u>See</u> <u>Trout Unlimited v. United States Dep't of Agriculture</u>, 944 F.Supp. 13, 16 (D.D.C. 1996) (citation omitted).  Although courts generally accord substantial deference to a plaintiff's choice of forum, that deference is lessened when the forum chosen is not the plaintiff's home forum.  <u>See</u> <u>Shawnee Tribe v. United States</u>, 298 F.Supp.2d 21, 24 (D.D.C. 2002) (<u>citing</u> <u>Piper Aircraft Co. v. Reyno</u>, 454 U.S. 235 (1981)).  Courts also apply less deference when the chosen forum has an inadequate nexus to the events in the case.  <u>See</u> <u>Southern Utah Wilderness Alliance v. Norton</u>, 315 F. Supp.2d 82, 86 (D.D.C. 2005).

A.    Plaintiffs' choice of forum

Plaintiff's choice of forum deserves little deference because he does not reside in this District, and because this District lacks any ties to the controversy.  Federal officials in the Eastern District of North Carolina ran the facility at which Plaintiff's alleged injuries occurred.  Accordingly, this case is similar to other cases in which courts have found that the interests favor

16

transfer because the "primary issue in th[e] case" concerns a decision made by an agency's local outpost as opposed to its headquarters. <u>Southern Utah Wilderness Alliance</u>, 315 F. Supp.2d at 87; <u>see</u>, <u>e.g.</u>, <u>Shawnee Tribe</u>, 298 F. Supp.2d at 24 (transferring and noting that the Government's field offices were "actively involved" in decision at issue and the decision-making process was not "substantially focused" in Washington, D.C.); <u>Sierra Club v. Flowers</u>, 276 F.Supp. 62, 67 68 (D.D.C. 2003) (transferring case because federal officials in Florida made the relevant decision and officials in Washington, D.C. were not involved in the decision making process); <u>Airport Working Group of Orange County, Inc. v. United States Dep't of Defense</u>, 226 F. Supp.2d 227, 230-31 (D.D.C. 2002) (transferring because connection to D.C. was "attenuated" where D.C. officials were not actively involved in challenged decision).

It is true that some Bureau of Prisons officials work in offices in the District of Columbia. That, however, does not make this Court the appropriate forum. Moreover, the fact that those officials "reside" in the District of Columbia does not control the venue analysis. <u>See</u> <u>Shawnee Tribe</u>, 298 F. Supp. 2d at 25 (finding venue appropriate where field office was located despite involvement of "some officials...who work in the Washington, D.C. area"). Instead, the relevant factor is that the officials who were directly involved in the events that are alleged to have caused Plaintiffs' injuries are in the Eastern District of North Carolina.

B.     Defendant's choice of forum

The Court next considers Defendant's choice of forum. Defendant has legitimate reasons for seeking transfer. The Eastern District of North Carolina is where Plaintiff resides and is the jurisdiction that is home to the federal prison at Butner. To the extent that Plaintiff alleges that the events or omissions that form the basis of his Complaint took place at Butner, the Court should transfer the case to the Eastern District of North Carolina. The prison is there, all of the

relevant witnesses are there, and the sources of proof are there.

    C. The claims arose elsewhere, the convenience of the parties and witnesses, and the access to the sources of proof

  Again, the analysis for the private interests require that the Court look at whether the claims arose elsewhere, the convenience of the parties, the convenience of the witnesses, and the ease of access to sources of proof.  Any fair reading of Plaintiff's Complaint leads the reader to one conclusion: all of the alleged actions and inactions in this case occurred at Butner. Moreover, it is hard to think that having the case in the Eastern District of North Carolina would be less convenient for Plaintiff than would be having the case in Washington, D.C.  In addition, virtually all conceived witnesses are or were in North Carolina.  The same cannot be said about Washington, D.C.  Finally, it is again hard to imagine that access to proof in this case will somehow be easier in Washington, D.C. than it would be in a court in or near Butner, North Carolina.  Moreover, and as was argued above, this Court lacks personal jurisdiction for several of the Defendants, who are also very likely to be key witnesses in this case.

  2. The Public Interests Weigh In Favor of Transferring The Case

  The public interests also favor transfer.  The relevant considerations include: the transferee's familiarity with governing laws, relative congestion of the calendars of the potential transferee and transferor courts, and local interests in deciding local controversies at home.  See Trout Unlimited, 944 F.Supp. at 16 (citation omitted); Airport Working Group of Orange County, Inc., 226 F. Supp.2d at 229.  Since this action concerns federal law (namely a slew of alleged constitutional violations), the Eastern District of North Carolina is as familiar with the applicable law as is the District of Columbia.

  In addition, there is no evidence that the Eastern District of North Carolina's docket is

significantly more congested than the District of Columbia's docket.  See <u>Trout Unlimited v.</u>

<u>United States Dep't of Agriculture</u>, 944 F.Supp. at 16; <u>see</u> <u>also</u> Exh. A (spreadsheet

demonstrating caseload of both districts).  To the contrary, the Eastern District of North Carolina

had 1,840 pending cases between October 1, 2006, and September 30, 2007, whereas this Court

had 3,936 pending civil cases during that same period.  <u>See</u> Exhibit B.  Accordingly, this factor

weighs heavily in favor of transferring this case to the Eastern District of North Carolina.

     The local interests almost always favor the transferring of a case to the district in which

the dispute arose because of the natural inclination to have local problems resolved locally.

<u>Abusadeh v. Chertoff</u>, 2007 WL 2111036 (transferee court had a "superior interest in addressing

the instant controversy because 'there is a local interest in having localized controversies decided

at home.'"  <u>Id.</u> at *8.  This case presents no reason why venue should be anywhere else but the

Eastern District of North Carolina.

     Even if Plaintiff had alleged facts giving rise to an articulable, concrete injury arising

from the wrongs he alleges, this action would most appropriately be brought in the Eastern

District of North Carolina, where the alleged events occurred.  These claims are individualized

and are of no national import.  Plaintiff's medical records are at FCI Butner and the issues

involved are specific to that prison.  These factors strongly support the appropriateness of

transfer.  To the extent that this case is able to survive the dispositive charges of this motion, it

would be most appropriately litigated in that district.  In these circumstances, transfer under

§1404(a) would be entirely appropriate, and serve the interests of both preservation of resources

and justice.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's case should be dismissed in its entirety.

Alternatively, the Court should transfer the case to its proper forum, the Eastern District of North

Carolina.

Dated: May 12, 2008


Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR D.C. BAR # 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


_____/s/_____
CHRISTIAN A. NATIELLO, D.C. BAR # 473960
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Room E4112
Washington, D.C.  20530
(202) 307-0338

20

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 12th day of May, 2008, a copy of the foregoing was

served by First-Class mail, postage prepaid to:


Paul Scinto, Sr.
404 Hoke Street
New Bern, NC 28560


                                        ____/s/_____
                                        CHRISTIAN A. NATIELLO, D.C. Bar No. 473960
                                        Assistant United States Attorney
                                        Civil Division
                                        555 4th Street, N.W., Room E4112
                                        Washington, D.C. 20530
                                        (202) 307-0338
                                        christian.natiello@usdoj.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PAUL SCINTO, SR. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 08-0361 (PLF) |
| ) | |
| FEDERAL BUREAU OF, ) | |
| PRISONS, et al. ) | |
| ) | |
| Defendants ) | |

### **ORDER**

IN CONSIDERATION of Defendant's Motion To Dismiss Plaintiff's claims in their

entirety,

It is hereby ORDERED on this __ day of _____ that Defendant's motion is

hereby GRANTED.

Plaintiff's Complaint is dismissed with prejudice.


_____
The Honorable Paul L. Friedman
United States District Court Judge

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAUL SCINTO, SR. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 08-0361 (PLF) |
| ) | |
| FEDERAL BUREAU OF, ) | |
| PRISONS, et al. ) | |
| ) | |
| Defendants ) | |

## <u>ORDER</u>

IN CONSIDERATION of Defendant's Motion To Transfer The Case To The Eastern

District Of North Carolina,

It is hereby ORDERED on this __ day of _____ that Defendant's motion is

hereby GRANTED.

The case will be transferred to the Eastern District of North Carolina, where venue is

proper.

_____
The Honorable Paul L. Friedman
United States District Court Judge

Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Paul Scinto, Sr., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-CV-0361(PLF) |
| | ) | |
| Federal Bureau of Prisons, et al., | ) | |
| Defendants. | ) | |
| | ) | |

### DECLARATION OF JAMES R. SCHLUTER

I, James R. Schluter, hereby make the following declaration:

1.     I am an Administrative Remedy Specialist for the Federal Bureau of Prisons (BOP) in
Washington, D.C., and have been served in this capacity since April 2004.  I have been
employed with the BOP since October 2, 1978.

2.     The BOP's administrative remedy procedure is set out in 28 C.F.R. § 542.10 et seq., and
provides formal review of any complaint which relates to any aspect of the inmate's
confinement.  Within this process, inmates are encouraged to first attempt resolution of
their complaints informally by discussing the matter with a member of their Unit Team.
A record of the attempt is signed by the inmate and a member of the Unit Team. If
informal resolution is insufficient to resolve the matter, the inmate may submit a formal
written Administrative Remedy Request to the Warden, on a designated form, within
twenty days of the event that triggered the inmate's complaint.  28 C.F.R. § 542.14 (a).
If the inmate is not satisfied with the Warden's response, he or she may appeal the
response to the Regional Director, within twenty calendar days of the date the Warden
signed the response.  28 C.F.R. § 542.15(a).  If the inmate is dissatisfied with the
regional response, he or she may file a national appeal with the Office of General
Counsel (in the Central Office) in Washington, D.C. within thirty calendar days of the
date the Regional Director signed the response. Id.  Appeal to the Central Office is the
final administrative appeal in the BOP.  No request for administrative remedy is
considered to have been fully exhausted until Central Office has issued a formal response
to the inmate.

4.    As an Administrative Remedy Specialist, I have access to the BOP database known as SENTRY. All administrative remedy requests and appeals filed by Bureau of Prisons' inmates are cataloged under a permanent and unique number which is maintained in SENTRY.

5.    On May 8, 2008, I reviewed the SENTRY database for administrative remedies filed by the Plaintiff Paul Scinto, Register Number 18933-004. This review revealed Plaintiff has utilized the administrative remedy process to grieve only a single issue. This issue, the application of Good Conduct Time toward his federal sentence, is not related to any of the circumstances presented by Plaintiff in the instant civil action.

6.    Therefore, Plaintiff has failed to exhaust the administrative remedy process with respect to any of the issues addressed in his complaint.

I declare the foregoing is true and correct to the best of my knowledge and belief, and given under penalty of perjury pursuant to 28 U.S.C. § 1746.

Executed this 9th day May, 2008.

James R. Schluter
Administrative Remedy Specialist
Office of General Counsel

Exhibit B

# U.S. DISTRICT COURT - JUDICIAL CASELOAD PROFILE

| NO. CAROLINA EASTERN | | 12-MONTH PERIOD ENDING SEPTEMBER 30 | | | | | | Numerical Standing | |
|---|---|---|---|---|---|---|---|---|---|
| | | 2007 | 2006 | 2005 | 2004 | 2003 | 2002 | U.S. | Circuit |
| OVERALL CASELOAD STATISTICS | Filings* | 2,058 | 1,878 | 2,088 | 2,216 | 2,136 | 2,032 | | |
| | Terminations | 2,063 | 2,085 | 2,008 | 2,021 | 1,917 | 1,915 | | |
| | Pending | 1,840 | 1,836 | 1,986 | 1,950 | 1,775 | 1,569 | | |

# U.S. DISTRICT COURT - JUDICIAL CASELOAD PROFILE

| DISTRICT OF COLUMBIA | | 12-MONTH PERIOD ENDING SEPTEMBER 30 | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | 2007 | 2006 | 2005 | 2004 | 2003 | 2002 | Numerical Standing | |
| | | | | | | | | U.S. | Circuit |
| OVERALL CASELOAD STATISTICS | Filings* | 2,870 | 2,947 | 3,383 | 3,121 | 3,461 | 3,382 | | |
| | Terminations | 3,016 | 3,458 | 3,305 | 3,365 | 3,101 | 3,159 | | |
| | Pending | 3,936 | 4,114 | 4,634 | 4,422 | 4,656 | 4,338 | | |