**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| PAUL SCINTO, SR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-0361 (PLF) |
| | ) | |
| FEDERAL BUREAU OF PRISONS, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**REPLY IN FURTHERANCE OF DEFENDANTS' MOTION TO DISMISS OR TO TRANSFER TO THE EASTERN DISTRICT OF NORTH CAROLINA**

In his Complaint, Plaintiff alleges various tort claims and violations of Plaintiff's constitutional rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments for medical damages Plaintiff allegedly sustained while he was incarcerated at FTC Butner in North Carolina. Complaint at ¶ 27.

In their Motion to Dismiss or To Transfer, Defendants argued that this Court, however, should not hear this case for four reasons: 1) the Court lacks subject matter jurisdiction to adjudicate Plaintiff's claims because Plaintiff failed to exhaust his administrative remedies; 2) this Court cannot exercise personal jurisdiction over several of the named Defendants; 3) Plaintiff fails to state a claim against several of the named Defendants who are sued in their official capacities; and 4) in the alternative, if the Complaint were to survive Defendants' Motion to Dismiss, the Court should transfer the case to the Eastern District of North Carolina because the actions alleged in Plaintiff's Complaint occurred solely and exclusively within that District. Plaintiff's Opposition to Defendants' Motion fails to alter the analysis as to why this Court should not hear his case.

## ARGUMENT

### I. Plaintiff's Claims Against All Defendants Should Be Dismissed Because Plaintiff Failed To Exhaust His Administrative Remedies

Plaintiff claims that the defense of failure to exhaust administrative remedies does not apply to his tort claims. He cites 28 C.F.R. § 543, Subpart C as support for this assertion. That section, however, says no such thing. To the contrary, the section states that "[p]ursuant to the Federal Tort Claims Act, a claim for money damages for personal injury or death and/or damage to or loss of property must be filed against the United States by the injured party with the appropriate Federal agency *for administrative action*." 28 C.F.R. § 543.30 (emphasis added). Section 543.32(g) further states that if the plaintiff is "dissatisfied with the final agency action, [he/she] may file suit in an appropriate U.S. District Court." Therefore, the section Plaintiff cites clearly contemplates an administrative process against the Bureau of Prisons ("BOP") before he can file suit in District Court. He has not done so.[1]

In this case, Plaintiff did not file an administrative complaint regarding *any* of the issues raised in this Complaint while he was incarcerated at FCP Butner. See Declaration of James R. Schluter, attached to Defendants' Motion To Dismiss Or To Transfer as Exhibit A. Because Plaintiff did not pursue his complaints through any of the three levels of the BOP's administrative remedy procedures, the issues raised in the Complaint are not justiciable by the

---

[1] In his Opposition, Plaintiff alleges that he was unable to go through the administrative process because those who were incarcerating him prevented him from doing so. Besides the fact that this was not alleged in his Complaint, this is a red-herring. The fact is, Plaintiff is no longer incarcerated. He now can easily go through the administrative process without any alleged hindrance from BOP employees. As Defendants stated in their Motion, the requirement of having to exhaust administrative remedies applies despite Plaintiff's subsequent release from prison. In addition to current inmates, the administrative remedy procedures applies to "former inmates for issues that arose during their confinement." 28 C.F.R. 542.10(b).

Court and the Complaint should be dismissed with prejudice as to *all* Defendants.

## III. The Court Does Not Have Personal Jurisdiction Over Certain Defendants As Required By Rule 12 (b)(2) Of The Federal Rules Of Civil Procedure

This Court does not have personal jurisdiction over several of the Defendants.[2] Plaintiff names the former FCI Butner Warden Patricia Stansberry, former FCI Butner Camp Administrator Susan McClintock, and FPC Butner Correctional Officer Richard Holt in their individual capacities and BOP Mid-Atlantic Regional Director Kim White (collectively "the foreign Defendants") and BOP Director Harley Lappin in their official capacities only.[3]

Plaintiff argues that this Court has personal jurisdiction over these current and former North Carolina corrections officers based upon the District's long-arm statute. According to Plaintiff, the mere fact that these officers are employed by a federal agency headquartered in Washington, D.C., allows this Court to hold that they have ties to this District sufficient enough to give this Court personal jurisdiction over them. This is counter to the vast case law on the subject. The mere facts that the foreign Defendants are employees of the BOP and that the Central Office of the agency is located in Washington are insufficient to establish the requisite

---

[2] At about the same time that Plaintiff filed his Opposition to Defendants' Motion, Plaintiff also filed a Motion to Ascertain the Residence Addresses of Defendants Stansberry, McClintock, and Holt. Defendants reiterate that if the Court were to conclude that Plaintiff's Complaint is not subject to dismissal on the several other grounds set forth in their Motion to Dismiss, Defendants Stansberry, McClintock, and Holt would request an opportunity to determine whether they would be willing to waive any defense based upon Fed. R. Civ. P. 12(b)(4).

[3] Defendant acknowledges that personal jurisdiction over the Bureau of Prisons and Mr. Lappin in his official capacity likely would be appropriate in this case. That said, Mr. Lappin should be dismissed as a Defendant in this case because he is immune from suit in his official capacity and Plaintiff's claims cannot stand against him based on a *respondeat superior* theory. See Defendants' Motion, at Section IV.

"minimum contacts" with the District of Columbia.[4] See Banks v. Lappin, 539 F.Supp.2d 228, 239 (D.D.C. 2008) ("[t]he mere fact that these defendants are employees of the BOP, the headquarters office of which is in the District of Columbia, does not render the subject to suit in their individual capacities in the District of Columbia"); Cameron v. Thornburgh, 983 F.2d 235, 256 (D.C. Cir. 1993); Zakiya v. U.S., 2003 WL 21403767 (D.D.C.); Reuber v. U.S., et al., 750 F.2d 1039 (D.C. Cir.1984); James v. Reno, et al., 1999 WL 615084 (D.C. Cir. 1999) (mere fact that [defendants] are employees of the Bureau of Prisons based in D.C. insufficient to establish requisite "minimum contacts" with District); Meyer v. Reno, 911 F.Supp. 11, 14 (D.D.C. 1996) (Bureau of Prisons employee who works at FCI Memphis, Tennessee, not alleged to conduct any business or make any contracts for services and no injury alleged to have been suffered in the District of Columbia, so court cannot exercise jurisdiction over him).

The injuries about which Plaintiff complains occurred exclusively in North Carolina. He does not allege that anything occurred outside of North Carolina. Therefore, as to the foreign Defendants, this Court lacks personal jurisdiction over them for activities taking place outside this District. The foreign Defendants have not transacted business in the District of Columbia, contracted to supply services in the District of Columbia, and have not caused any tortious injury in the District of Columbia. As such, this Court lacks personal jurisdiction over these Defendants.

---

[4] Plaintiff cites International Shoe v. Washington, 326 U.S. 310 (1945), as support for his position that the foreign Defendants have the requisite minimum contacts to give this Court personal jurisdiction over them. Shoe, however, was not a case involving federal employees. Plaintiff does not challenge the cases cited by Defendants in their Motion to Dismiss.

## IV. Plaintiff Fails To State A Claim Against The Bureau Of Prisons And The Named Defendants

Plaintiff's Opposition asserts that Defendants moved to dismiss all of his claims for failure to state a claim. This is not the case. Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants moved to dismiss the BOP and the named Defendants based on the defense of sovereign immunity. The individually-sued Defendants also moved pursuant to Rule 12(b)(6) to have the Court dismiss the claims against them based on a *respondeat superior* theory.

Plaintiff cites Brown v. District of Columbia, 514 F.3d 1279 (D.C. Cir. 2008), as evidence that a tort claim against a prison can be a viable claim. Brown is not dispositive here. The defendant in that case was the District of Columbia, not the federal government. As such, the defense of sovereign immunity relied on in this case was not available to the District of Columbia in that case. Moreover, the plaintiff in Brown brought suit against the District for alleged constitutional violations under 42 U.S.C. § 1983, a statute that is inapplicable to the federal government.

To the extent that a plaintiff seeks damages against individual defendants in their official capacities, his claims must be dismissed absent a waiver of sovereign immunity. Meyer v. Reno, 911 F. Supp.11 (D.D.C. 1996); Marshall v. Reno, 915 F.Supp. 426 (D.D.C. 1996); Deutsch v. U.S. Dept. of Justice, 881 F.Supp. 49, 55 (D.D.C. 1995). Though Plaintiff claims that the doctrine of sovereign immunity should be deemed unconstitutional, current jurisprudence recognizes it as a viable defense for Defendants. The sovereign immunity of the United States protects it and its agencies, such as the BOP and its agents, from suit absent express waiver. See FDIC v. Meyer, 510 U.S. 471 (1994); United States v. Nordic Village, 503 U.S. 30 (1992). Sovereign immunity also bars suits for money damages against officials in their official

capacities for nondiscretionary acts absent a specific waiver by the government. Clark v. Library of Congress, 750 F.2d 89, 101-02 (D.C. Cir. 1984). Plaintiff's Complaint does not contain any colorable basis for such a waiver, nor is there one in fact. Therefore, such claims must be dismissed for lack of subject matter jurisdiction.

Plaintiff also sues Defendants Lappin, White, and Stansberry. While he claims that he is suing former Warden Stansberry in her individual capacity, he alleges nothing that links her directly to the harms he claims to have given rise to his Complaint; he is suing her solely upon her supervisory role as Warden of the institution. He is also suing Defendants Lappin and White in their supervisory roles as BOP executives. Such allegations will not stand and should be dismissed. See Cameron v. Thornburg, 983 F.2d 253, 258 (D.C. Cir. 1993) (held that claims against defendants were "based upon the bare assumption that policy decisions made in Washington might have affected [Plaintiff's] treatment.... In the absence of any allegations specifying involvement of [the defendant] in this case, the claims against them are based upon nothing more than a theory of *respondeat superior*, which of course cannot be used in a Bivens action").

The Supreme Court has specifically rejected attempts, like the Plaintiff's here, to impose *respondeat superior* liability upon supervisory personnel who were not in direct contact with the plaintiff. In Correctional Services Corp. v. Malesko, 534 U.S. 61 (2001), the Supreme Court stated that a federal prisoner, who alleges a constitutional deprivation, may bring a Bivens claim against the offending individual officer, subject to the defense of qualified immunity, but may

not bring a Bivens action against the officer's employer, the United States, or the BOP.[5] Correctional Services, 534 U.S. at 72. See also Hawk v. Reno, 915 F. Supp. 426, 429-430 (D.D.C. 1996) ("Absent any allegations that [the supervisory officials] personally participated in the events which gave rise to the plaintiff's claims, or any corroborative allegations to support the inference that these defendants had notice of or acquiesced in the improper [conduct] against the plaintiff by their subordinates, dismissal is appropriate"); Smith-Bey v. District of Columbia, 546 F.Supp. 813, 814 (D.D.C.1982) (same). Here, Plaintiff alleges no direct involvement by the former Warden Stansberry or Defendants Lappin and White. Indeed, Plaintiff cites no facts in which these Defendants personally participated in the acts giving rise to his Complaint. Accordingly, Plaintiff's Complaint against these three Defendants, Lappin, White, and Stansberry, should be dismissed.

## V. This Case Should Be Transferred To The Eastern District Of North Carolina

Plaintiff's argument against the transferring of this case is incomplete. Plaintiff argues that venue is proper in this District. Defendants never claimed otherwise. In point of fact, venue is proper here. That does not mean, however, that venue should remain in this District.

Examination of a case that Plaintiff cites helps to show Defendants' point more than his own. In his Opposition, Plaintiff cites Dominguez v. Bureau of Prisons, Case No. 05-2242 (GK) (D.D.C. 2006). The court in that case, like the Court in this case, was considering the transfer of a case brought by a *pro se* prisoner from Butner, North Carolina. As Plaintiff cited, the court stated that "[o]ne of the defendants, the BOP, is headquartered in the District of Columbia.

---

[5] As was stated in their Motion to Dismiss, the individually sued Defendants expressly preserve their right to assert a qualified immunity defense pursuant to Fed. R. Civ. P. 12(h)(2)(B) in the event any claims against them are permitted to proceed on the merits.

Therefore, venue is proper here." Dominguez, at 6.

Plaintiff fails to complete the story of Dominguez. In the court's very next sentence, it states that "[t]he fact that the case is not subject to dismissal based on improper venue does not necessarily mean that the action should remain in this district." Id. The court transferred the case to the Eastern District of North Carolina! In support of the transfer, the court stated that "[e]ven though a court should typically give deference to a party's forum choice, it may give substantially less deference when the forum preferred by the plaintiff is not his home forum." Dominguez, at 6-7, citing Piper Aircraft, Co. v. Reyno, 454 U.S. 235, 255-56 (1981); Boers v. United States, 133 F.Supp.2d 64, 65 (D.D.C. 2001). The court continued its transfer analysis by stating that "[m]any, if indeed not most, petitions filed by prisoners not confined in the District of Columbia and not sentenced here originally, will tend to involve factors that make transfer to the place of incarceration appropriate." Dominguez, at 7, citing Starnes v. McGuire, 512 F.2d 918, 926 (D.C. Cir. 1974) (en banc). The court continued, stating that "FCI-Butner is also where all the events that gave rise to this action occurred.... And although this case involves a matter of BOP national policy, that factor is not determinative... Moreover, because the implementation of the national policy occurred in Butner, North Carolina, venue is more appropriate there." Dominguez, at 7. For the same reasons as those in Dominguez, this Court should transfer Plaintiff's case to the Eastern District of North Carolina.

Plaintiff also argues that some of the relevant witnesses are no longer in North Carolina. He gives three of the foreign Defendants as examples. Plaintiff, however, fails to address the fact that while these Defendants may no longer live in North Carolina, their ties to that District are stronger there than they are here by virtue of their former employment there. Any challenges

the Court in North Carolina will face are much less troublesome than the challenges this Court will face in attempting to exercise personal jurisdiction over these Defendants.

Plaintiff claims that, in accord with Trout Unlimited v. United States Dep't of Agriculture, 944 F.Supp. 13, 16 (D.D.C. 1996), the public interests are furthered by keeping the case in this District because "the light of public scrutiny would illuminate the acts of injustice and cruelty perpetrated by the Defendants at the Butner Prison Complex..." For starters, the court in Trout did not include public scrutiny as part of the public interest analysis.[6] This also is a curious argument because it assumes that: 1) the light of public scrutiny does not shine as bright in North Carolina as it does in Washington, D.C.; and 2) the public in Washington, D.C., would care more about the conditions in Butner, North Carolina, than would the public in that District. In short, Plaintiff is reaching. The fact is, nothing that Plaintiff alleged in his Complaint has anything to do with this District. Instead, every single fact alleged in Plaintiff's complaint occurred in North Carolina. The singular reason why Plaintiff filed his case in this District is because it is home to the BOP. This is not enough. To the extent the allegations in the Complaint can withstand Defendants' Motion to Dismiss, this case belongs in the Eastern District of North Carolina.

## CONCLUSION

For the foregoing reasons, Plaintiff's case should be dismissed in its entirety. Alternatively, the Court should transfer the case to its proper forum, the Eastern District of North

---

[6] The Court stated that private interests include: the plaintiff's choice of forum, the defendant's choice of forum, whether the claim arose elsewhere, convenience of the parties, convenience of the witnesses, and ease of access to sources of proof. Trout Unlimited v. United States Dep't of Agriculture, 944 F.Supp. 13, 16 (D.D.C. 1996).

Carolina.

Dated: June 11, 2008

Respectfully submitted,

/s/

JEFFREY A. TAYLOR D.C. BAR # 498610
United States Attorney

/s/

RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

/s/

CHRISTIAN A. NATIELLO, D.C. BAR # 473960
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Room E4112
Washington, D.C. 20530
(202) 307-0338

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of June, 2008, a copy of the foregoing was served by First-Class mail, postage prepaid to:

Paul Scinto, Sr.
404 Hoke Street
New Bern, NC 28560

/s/

CHRISTIAN A. NATIELLO, D.C. Bar No. 473960
Assistant United States Attorney
Civil Division
555 4th Street, N.W., Room E4112
Washington, D.C. 20530
(202) 307-0338