IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CASE NO. 1:08-CV-0361-PLF

PAUL SCINTO, SR.,   ]
                    ]
    PLAINTIFF;      ]
                    ]
VS.                 ]
                    ].
FEDERAL BUREAU OF PRISONS, et al.  ]
                    ]
    DEFENDANTS.     ]
-----------------------------------------]

**RECEIVED**
JUN 1 8 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## OBJECTIONS TO THE:

DEFENDANTS' "REPLY IN FURTHERANCE OF:
'DEFENDANTS' MOTION TO DISMISS OR, TO TRANSFER TO THE EASTERN DISTRICT OF NORTH CAROLINA'"

---

PAUL SCINTO, SR., Pro-Se Plaintiff, STRENUOUSLY OBJECTS to the: DEFENDANTS' "REPLY IN FUTHERANCE OF DEFENDANTS' MOTION TO DISMISS OR TO TRANSFER TO THE EASTERN DISTRICT OF NORTH CAROLINA".

Specifically, the Plaintiff objects to the following:

1. The Defendants state that the Plaintiff has not exhausted Administrative Remedies with respect to the Federal Tort Claim Act (DE#19, pg.2). This is an **untrue statement** as DE#1: Exhibit 6 - August 24, 2007 letter from BOP Regional Counsel Michelle T. Fuseymore shows that Administrative Remedies were completed and specifically states that the Plaintiff can file suit in Federal District Court if dissatisfied with the BOP determination. Furthermore, the Plaintiff objects to the Defense statement that Plaintiff now pursue other administrative remedies given the fact that all other administrative remedies - which were blocked by prison staff - are now time barred.

2. The Defendants claim that this Court has no personal jurisdiction and cites <u>Banks v. Lappin</u> 539 F. Supp.2d 228 (D.DC, 2008) to illustrate that this Court lacks personal jurisdiction - this Court specifically states that it has no personal jurisdiction in an "individual capacity" - the instant case sues the Federal Bureau of Prisons, BOP Director Harley Lappin and Regional Director Kimberly White in

their "official capacities"; the remaining Defendants are sued both in their official and individual capacities. The Plaintiff objects to this omission of fact.

3. The Defendants argue that civil rights suits under a Bivens Action are different than civil rights suits under 42 U.S. Code § 1983 and case precedent established in §1983 cases are not applicable to Bivens suits (DE#19, pg.5). This is simply not true and Defendants ignore Butz v. Economou 438 U.S. 478 (1978) and its progeny whereby it is recognized that case precedent in § 1983 and Bivens type civil rights lawsuits are interchangeable. Plaintiff objects to this attempt to ignore the "law" as established by this line of cases.

4. The Defendants ignore the entire set of facts indicating direct involvement of Defendant Stansberry as expressed in Plaintiff's Affidavit (DE#18, Exhibit 1) and other submitted documents (DE#18, DE#20). The Plaintiff objects to the Defense attempt to rewrite the facts of the instant case.

5. The Plaintiff again objects to the Defenses failure to provide the Defendant addresses and then present an argument that service may have been improper because the pleadings and summons were not sent to the home addresses of the Defendants.

The Plaintiff respectfully requests that this Court take notice of each of these objections.

Respectfully Submitted,

this the 16th day of June, 2008; by:

*[signature]*

Paul Scinto, Sr., Plaintiff Pro-Se

## VERIFICATION

Plaintiff swears under penalty of perjury, that to the best of his knowledge and belief, the contents of this pleading are true and correct. This the 16th day of June, 2008; by:

Paul Scinto, Sr.

*[signature]*

## CERTIFICATE OF SERVICE

Plaintiff has served a copy of his "Objections", by first class mail, with correct postage affixed; on the 16th day of June, 2008; to: Christian A. Natiello, A.U.S.A. (for Defendants); U.S. D.O.J. - Civil Division, 555 FOURTH Street, N.W.; Washington D.C. 20530

Paul Scinto, Sr.; Plaintiff
404 Hoke Street
New Bern, NC 28560
Telephone 252-638-5886

*[signature]*