UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                                    )
PAUL SCINTO, SR.,                                      )
                                                                    )
            Plaintiff,                                 )
                                                                    )
        v.                                               )     Civil Action No. 08-0361 (PLF)
                                                                    )
FEDERAL BUREAU OF PRISONS, et al.,      )
                                                                    )
            Defendants.                           )
_____)

OPINION

Plaintiff Paul Scinto, Sr. seeks money damages for alleged violations of his constitutional rights while he was incarcerated in various Federal Bureau of Prisons' ("BOP") facilities between 2002 and 2007. The matter is currently before the Court on defendants' motion to dismiss or, in the alternative, to transfer. After careful consideration of the parties' arguments, as well as the fact that plaintiff is *pro se* and that any papers drafted by him must be construed liberally, see, e.g., Richardson v. United States, 193 F.3d 545, 547 (D.C. Cir. 1999), the Court will grant defendants' motion in part and will transfer plaintiff's remaining claims to the Eastern District of North Carolina.[1]

---

[1] The Court considered the following papers: the Complaint ("Compl."); Defendants' Motion to Dismiss or, in the Alternative, to Transfer to the Eastern District of North Carolina; Plaintiff's Response & Objections to: Defendants' Motion to Dismiss or, in the Alternative, to Transfer to the Eastern District of North Carolina ("Opp."); Defendants' Reply in Furtherance of Defendants' Motion to Dismiss or to Transfer to the Eastern District of North Carolina; and Plaintiff's Objections to the Defendants' Reply in Furtherance of Defendants' Motion to Dismiss or, to Transfer to the Eastern District of North Carolina.

I.  BACKGROUND

At all times relevant to this complaint, plaintiff was in the custody and control of the Bureau of Prisons.  Plaintiff began a period of 78 months incarceration on October 18, 2002 at the Federal Prison Camp at Seymour Johnson Air Force Base.  See Compl. ¶ 9.  According to the allegations in the complaint, plaintiff alerted the intake medical staff that he had a number of preexisting medical conditions, including diabetes, a chronic right leg infection and Hepatitis C.  See id.  Plaintiff alleges that he received inadequate care for his leg infection and Hepatitis C, and that in late 2002 he had to receive emergency surgery on his leg.  See Compl. ¶ 10.  He was then transferred to the Federal Medical Center at Butner, North Carolina to receive treatment on his infected leg.  See Compl. ¶ 11.  He was returned to Seymour Johnson in late 2003, but was transferred back to Butner on June 5, 2005, where he remained until he was released to a halfway house on March 1, 2007.  See Compl. ¶¶ 12, 14, 24.  Plaintiff further alleges that he repeatedly requested treatment for his Hepatitis C, but did not receive any.  See Compl. ¶¶ 11, 14, 16.  Plaintiff also alleges that he did not receive proper medical treatment for his diabetes.  See Compl. ¶ 15.

Plaintiff alleges that on August 24, 2005 he was locked in a dormitory for several hours without water.  See Compl. ¶ 17.  Plaintiff became severely ill and used an emergency phone to get help.  See Compl. ¶ 18.  When plaintiff was released from the dormitory, he did not receive medical treatment, but was instead given an incident report and placed in Administrative Segregation for six months.  See Compl. ¶ 19.  While segregated, plaintiff alleges that he was given a diet that was inappropriate for a diabetic, and that it worsened his diabetes.  See Compl. ¶ 20.  Plaintiff states that his requests for a wheelchair were refused, which resulted in plaintiff

falling several times and further damaging his legs.  See Compl. ¶ 21.  Plaintiff contacted his Congressman, Walter B. Jones, on January 29, 2006, and shortly thereafter he was released to the general population.  See Compl. ¶ 22.  As a result of his time in segregation, however, plaintiff was deemed ineligible for a three month statutory reduction in his sentence.  See Compl. ¶ 23.  Plaintiff was released to a halfway house on March 1, 2007, see Compl. ¶ 24, and later released to the community.

Plaintiff filed this action pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), alleging violations of the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution arising from his treatment while incarcerated.  He names as defendants the Bureau of Prisons; Harley S. Lappin, Director of the BOP, in his official capacity; Kim M. White, Regional Director of the BOP Mid-Atlantic Region, in her official capacity; Patricia Stansberry, Warden of the federal correctional institution and the satellite federal prison camp at Butner, North Carolina, in her individual and official capacities; Susan G. McClintock, camp administrator at the federal prison camp at Butner, North Carolina, in her individual and official capacities; and Richard Holt, a senior officer specialist assigned to the federal prison camp at Butner, North Carolina, in his individual and official capacities.  Plaintiff seeks money damages of more than five million dollars and declaratory relief.

## II. DISCUSSION

*A.  No Personal Jurisdiction Over Non-Resident Defendants*

Defendants White, Stansberry, McClintock and Holt seek dismissal for lack of personal jurisdiction.  Plaintiff does not allege that any of these defendants are employed in, or

reside in, the District of Columbia.  See Compl. ¶¶ 5-8.  Plaintiff has the burden to make a *prima facie* showing that this Court has personal jurisdiction over the defendants.  See Walton v. Fed. Bureau of Prisons, 533 F. Supp. 2d 107, 112 (D.D.C. 2008) (citing First Chicago Int'l v. United Exch. Co., 836 F.2d 1375, 1378-79 (D.C. Cir. 1988)).  To meet this burden, "[p]laintiff must allege specific facts on which personal jurisdiction can be based; he cannot rely on conclusory allegations."  Walton v. Fed. Bureau of Prisons, 533 F. Supp. 2d at 112 (citations omitted).

To determine whether it may exercise personal jurisdiction over non-resident defendants, the Court engages in a two-part inquiry.  First, the Court must determine whether jurisdiction exists under the District of Columbia's long-arm statute.  See Walton v. Fed. Bureau of Prisons, 533 F. Supp. 2d at 112 (citing GTE New Media Services, Inc. v. Bell South Corp.,199 F.3d 1343, 1347 (D.C. Cir. 2000)).  If so, the Court must determine whether the exercise of personal jurisdiction satisfies due process requirements.  See Walton v. Fed. Bureau of Prisons, 533 F. Supp. 2d at 112 (citing GTE New Media Services, Inc. v. Bell South Corp. 199 F.3d at 1347; United States v. Ferrara, 54 F.3d 825, 828 (D.C. Cir. 1995)).

The District of Columbia long-arm statute allows a court in the District of Columbia to exercise personal jurisdiction over a non-resident defendant based on claims arising from that person's conduct in:

> (1) transacting any business in the District of Columbia;
>
> (2) contracting to supply services in the District of Columbia;
>
> (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;
>
> (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or

>   solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia;
>
>   (5) having an interest in, using, or possessing real property in the District of Columbia;
>
>   (6) contracting to insure or act as surety for or on any person, property, or risk, contract, obligation, or agreement located, executed, or to be performed within the District of Columbia at the time of contracting, unless the parties otherwise provide in writing; or
>
>   (7) marital or parent and child relationship in the District of Columbia [under certain conditions].

D.C. Code § 13-423(a).

Plaintiff argues that this Court has personal jurisdiction over these defendants because they are all federal employees, who have worked in various federal facilities over the course of their careers. Furthermore, he says, "the nexus and paramount commonality between each of these individuals are their employment with the Federal Government's Bureau of Prisons which is located in Washington DC. . . . All directives, regulations, rules, statutes, codes or other factor which govern their business operations and delegate their authority to act as Law Enforcement Officers are issued from Washington DC." Opp. at 7. On this basis, he concludes that these defendants are transacting business with the central office of the Bureau of Prisons located in the District of Columbia. Such allegations are insufficient to establish personal jurisdiction over non-resident BOP employees. As this Court previously has explained, "the mere fact that [a non-resident defendant] is an employee of the BOP, the headquarters office of which is in the District, does not render [the defendant] subject to suit in [his or her] individual capacity in the District of Columbia." Walton v. Fed. Bureau of Prisons, 533 F. Supp. 2d at 112

5

(citing Stafford v. Briggs, 444 U.S. 527, 543-45 (1980) (absent minimum contacts other than those arising from federal employment, court may not exercise personal jurisdiction over federal official in his individual capacity)). Nor does the complaint allege facts that establish that plaintiff suffered an injury in the District of Columbia. The injuries of which plaintiff complains occurred while he was incarcerated in North Carolina.

The Court concludes that it does not have personal jurisdiction over non-resident defendants White, Stansberry, McClintock and Holt because the District of Columbia long-arm statute does not provide for jurisdiction over these defendants. See, e.g., Moore v. Motz, 437 F. Supp. 2d 88, 93-94 (D.D.C. 2006) (dismissing non-resident defendants for lack of personal jurisdiction where there were no allegations that defendants transacted any business in the District of Columbia or that plaintiff suffered any tortious injury here); Rogers v. Washington Fairmont Hotel, 404 F. Supp. 2d 56, 57-58 (D.D.C. 2005) (dismissing individual defendant based in Canada for lack of personal jurisdiction absent allegations actually placing her within the reach of the District of Columbia long-arm statute). As explained in Part C, *infra*, however, the Court will not dismiss plaintiff's claims against these defendants for lack of personal jurisdiction, but will instead transfer the case to the Eastern District of North Carolina.

### B.  No Subject Matter Jurisdiction Over The BOP Or Defendants Named In Their Official Capacities

Claims against the Bureau of Prisons and claims against individual defendants sued in their official capacities are treated as if they were brought against the federal government itself. See Walton v. Fed. Bureau of Prisons, 533 F. Supp. 2d at 114 (citing Kentucky v. Graham, 473 U.S. 159, 166 (1985) (an official-capacity lawsuit is in effect a suit against the

sovereign)). Defendants argue that sovereign immunity bars these claims absent a waiver of sovereign immunity and say there has been no such waiver here. See F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994) ("[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit") (citations omitted).

Bivens by its very nature is a private damages action against individual federal employees for violating a citizen's constitutional rights. See Bivens v. Six Unknown Named Agents, 403 U.S. at 389; see also Correctional Services Corp. v. Malesko, 534 U.S. 61, 66-68 (2001). It can never be a suit against the sovereign and is not a waiver of sovereign immunity for actions against the United States. See Rodriguez v. Nat'l Ctr. for Missing & Exploited Children, Civil Action No. 03-0120, 2005 U.S. Dist. LEXIS 5658 at * 26 (D.D.C. Mar. 31, 2005) (citing Laswell v. Brown, 683 F.2d 261, 268 (8th Cir. 1982)); see also Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 72 (2001) ("If a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a Bivens claim against the offending individual officer, subject to the defense of qualified immunity. The prisoner may not bring a Bivens claim against the officer's employer, the United States, or the BOP."). Accordingly, "a Bivens action may be maintained against a defendant only in his or her individual capacity, and not in his or her official capacity." Majhor v. Kempthorne, 518 F. Supp. 2d 221, 244-245 (D.D.C. 2007) (citing Pollack v. Meese, 737 F. Supp. 663, 666 (D.D.C. 1990)).[2]

---

[2]  Although plaintiff styles his claim as a Bivens action for money damages, the complaint also requests "a Declaratory finding of wrongdoing on the part of the named Defendants." Compl. at 8. Although plaintiff does not provide a specific legal basis for this claim, the Court notes that the Declaratory Judgment Act, 28 U.S.C. § 2201, does not waive the federal government's sovereign immunity. See Walton v. Fed. Bureau of Prisons, 533 F. Supp. 2d at 114.

In opposition, plaintiff argues that either the Tucker Act, the Westfall Act, the Administrative Procedure Act or the Federal Tort Claims Act provides a waiver of sovereign immunity relevant to his claims. Putting aside for the moment that plaintiff does not articulate how the facts he alleges might support a claim under any of these statutes and the fact that he does not invoke any of these statutes as the basis for his claims, his complaint makes plain that this is a Bivens action for constitutional violations. And "it is well settled 'that Congress has not waived immunity for suits seeking monetary damages that arise under the Constitution.'" Zinda v. Johnson, 463 F. Supp. 2d 45, 48-49 (D.D.C. 2006) (quoting Jackson v. Bush, 448 F. Supp. 2d 198, 201 (D.D.C. 2006)); see also Clark v. Library of Cong., 750 F.2d 89, 102-03 (D.C. Cir. 1984). The Court concludes that plaintiff's claims against the BOP and against the defendants named in their official capacities are barred by the doctrine of sovereign immunity. Accordingly, the Court will dismiss all claims against defendants BOP, Lappin and White for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. It will also treat the claims against defendants Stansberry, McClintock and Holt as a suit against them in their individual capacities only.

### C. The Interests of Justice Favor Transfer

Defendants ask the Court to dismiss this case in its entirety if it finds (as it now has) that it lacks either subject matter or personal jurisdiction. In the alternative, defendants request that the case be transferred to the United States District Court for the Eastern District of North Carolina. Plaintiff resists this suggestion and relies on 28 U.S.C. § 1391(e) as the basis for his argument that venue lies in the District of Columbia. Section 1391(e) governs where a

defendant is an officer or an employee of the United States, or any agency thereof, acting in his official capacity or under color of legal authority, and it permits suit in any judicial district in which such a defendant resides.  See 28 U.S.C. § 1391(e)(1).  While the Bureau of Prisons and defendant Lappin reside in the District of Columbia, the claims against them are being dismissed on the ground of sovereign immunity and thus for lack of subject matter jurisdiction.  Defendant White resides in Maryland, and the claims against her are being dismissed for the same reason.  All of the other defendants reside in the Eastern District of North Carolina.  Venue therefore cannot rest on Section 1391(e)(1).  Furthermore, because the acts or omissions giving rise to plaintiff's claim all occurred while he was incarcerated in North Carolina, venue cannot lie under Section 1391(e)(2).

        Having concluded both that it lacks personal jurisdiction over the remaining defendants and that venue is improper in the District of Columbia, the Court must decide whether to dismiss the case or transfer it to the appropriate venue.  Section 1404(a) of Title 28 of the United States Code states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  The Court finds that the interests of justice make transfer appropriate because, although the Court has found that it does not have personal jurisdiction over defendants Stansberry, McClintock and Holt, they all reside in the Eastern District of North Carolina and the events at the heart of this lawsuit took place there.  It therefore is appropriate to transfer this action to the Eastern District of North Carolina, where plaintiff may assert his claims against these remaining defendants and the court there may reach a resolution

on the merits.  See Zakiya v. United States, 267 F. Supp. 2d 47, 59-60 (D.D.C. 2003); see also Cameron v. Thornburgh, 983 F.2d 253, 257 (D.C. Cir. 1993).

## IV.  CONCLUSION

The Court concludes that (1) it lacks personal jurisdiction over defendants White, Stansberry, McClintock and Holt; (2) plaintiff's claims against defendant BOP and defendants Lappin and White, who are sued only in their official capacities, must be dismissed because they are barred by the doctrine of sovereign immunity and the Court therefore lacks subject matter jurisdiction; (3) the claims against Stansberry, McClintock and Holt may proceed only to the extent that they are sued in their individual capacities; and (4) it is in the interest of justice to transfer those claims to the United States District Court for the Eastern District of North Carolina.  Accordingly, the Court will grant defendants' motion in part and will transfer plaintiff's claims against defendants Stansberry, McClintock and Holt in their individual capacities to the Eastern District of North Carolina.  An Order consistent with this Opinion will issue this same day.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: March 30, 2009